**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JACK M. COOPER and GLORIA M. COOPER,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, L.L.C., as Trustee for Carrington Mortgage Services LLC,

    Defendant.

CIVIL ACTION NO.
2:09-CV-35-RWS

## **ORDER**

This case is before the Court on Defendant's Motion to Dismiss Complaint [Doc. 14], Plaintiffs' Motion to Stay Dismissal [Doc. 17], Plaintiffs' Motion to Set Aside All Fraudulent Conveyances [Doc. 25], and Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 30]. After reviewing the record, the Court enters the following order.

## I. Defendant's Motion to Dismiss Complaint [Doc. 14]

### Background

Plaintiffs originally filed this action in the Superior Court of Hall County, Georgia, seeking to set aside the foreclosure deed on their residence. (Plaintiffs' Complaint [Doc. 1-2]). Plaintiffs allege that the foreclosure sale of their residence never actually took place as scheduled, and that Defendant did not actually own the deed to their residence at the time of the sale. (Plaintiffs' Amended Complaint [Doc. 10] at 2-3). Defendant removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal [Doc. 1-1]). Defendant subsequently filed a Motion to Dismiss Complaint [Doc. 14] asserting that this Court lacked personal jurisdiction due to insufficient service. The Court now examines the arguments set forth in Defendant's Motion to Dismiss.

### Analysis

In order for this Court to have the power to render a judgment in this action, service of process must be sufficient. See In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the

2

judgment is void."). The record indicates that Plaintiffs have failed to comply with Rule 4 of the Federal Rules of Civil Procedure which sets forth the manner in which a Defendant is to be served. While Courts have afforded pro se litigants some leniency in construing pleadings, pro se litigants are nonetheless required to comply with procedural rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L. Ed. 2d 21 (1993) (pro se litigants must comply with procedural rules); Loren v. Sasser, 309 F.3d 1296, 1304 (same); DiCesare v. Stuart, 12 F.3d 973, 980 (10thCir. 1993) (pro se litigant must comply with Fed. R. Civ. P. 4).

The Plaintiff has attempted to serve Defendant by certified mail by mailing the summons to Defendant's attorneys. (Return of Service [Doc. 23 & 28]. Service by certified mail on a Defendant's attorney is not appropriate under either Federal or Georgia law. See Fed. R. Civ. P. 4(h); Fed. R. Civ. P. 4(e)(1); O.C.G.A. § 9-11-4(e). Therefore, since service was insufficient, Plaintiff's Complaint must be **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1] While the Court is dismissing Plaintiffs' Complaint without prejudice on a procedural matter, the Court has nonetheless examined Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 30] and has determined that Plaintiffs have not demonstrated a substantial likelihood of success on the merits of their claims and would not be entitled to a TRO. Therefore, even if this

3

**II.     Remaining Motions**

In light of the grant of Defendant's Motion to Dismiss Complaint [Doc. 14], the remaining motions are **DENIED** as moot.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Complaint [Doc. 14] is **GRANTED**.  Plaintiffs' Complaint is therefore **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs' Motion to Stay Dismissal [Doc. 17], Plaintiffs' Motion to Set Aside All Fraudulent Conveyances [Doc. 25], and Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 30] are **DENIED** as moot.

**SO ORDERED**, this   25th   day of November, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

Court were to allow Plaintiffs' leniency to properly serve Defendant, this Court would still not be in a position to restrain Defendant from evicting Plaintiffs from their residence.

4